THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant. [930 NYS2d 895]—

The defendant's contention that the evidence was legally insufficient to support the convictions of robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Gonzalez*, 3 AD3d 579 [2004]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilty was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAYSHAWN PERKINS, Appellant. [930 NYS2d 891]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Mastro, J.P., Rivera, Skelos and Balkin, JJ., concur.